

IN THE
TENTH COURT OF APPEALS

_____

No. 10-19-00302-CV

IN RE PAULA NICHOLS

_____

Original Proceeding

DISSENTING OPINION

Paula Nichols and her minor grandson are being excluded from their home when that relief was not properly before the trial court at the time the trial court entered its order granting temporary orders in favor of Paula's husband, Wayland. This exclusion will be for over a month by the time the next hearing is scheduled. The Petition and request for emergency relief to this Court was requested on the Friday before Labor Day. I would have granted the emergency motion that day and requested a response to the Petition due on the Tuesday after Labor Day.[1] Alternatively, we should have denied the

_____

[1] Although requested by the Court, neither Wayland nor the trial court responded to Paula's petition for writ of mandamus. Notwithstanding that a response was requested, the motion for emergency relief requested by Paula, which would have stayed the improper order excluding her from the home, was not granted.

Petition on the day that it was filed so that Paula could have had time to file a petition with the Supreme Court of Texas for timely relief.[2] The delay has effectively robbed Paula of the opportunity to seek, much less obtain, relief. It is not even clear that Wayland is living in the home from which Paula is excluded because the address for service of process in the divorce petition was in San Angelo.

Paula filed a petition for divorce with a request for temporary orders on July 31, 2019. The request for temporary orders included a request to be awarded the exclusive use of the marital residence. The trial court scheduled the temporary orders hearing for August 20, 2019. On August 14, 2019, Wayland filed an original answer and motion for continuance of the temporary orders hearing. On August 15, 2019, Wayland filed a counterpetition for divorce, and a request for temporary orders which included a request to be awarded the exclusive use of the marital residence. The trial court granted the motion for continuance without notice to the parties on August 19, 2019 and set the hearing for Wayland's request for temporary orders on September 25, 2019. No written order was entered in the record provided to this Court regarding a reset of the hearing for Paula's motion for temporary orders. On August 20, 2019, Paula filed a request for temporary restraining order, alleging that Wayland had excluded her from the marital residence. The trial court issued a temporary restraining order that ordered Wayland to cease and desist from excluding Paula from the marital residence and set a hearing on

[2] This would have been particularly appropriate in view of the explanation given in the concurring note.

Paula's request for a temporary injunction on August 28, 2019, ordering Wayland to appear and show cause "why a temporary injunction should not be issued against said Respondent," with the Respondent being Wayland. Nothing in the notice indicates that Wayland's request for temporary orders was to be considered at the August 28, 2019 hearing.

On August 28, 2019, due to a scheduling error by Paula's attorney, Paula and her attorney failed to appear at the hearing on her request for a temporary injunction and temporary orders. Nothing in the record indicates that Wayland's request for temporary orders was scheduled for that day. Nevertheless, the trial court rendered an order awarding Wayland exclusive use of the marital residence and excluding Paula from the marital residence.

The trial court could have properly dissolved the temporary restraining order and denied the temporary injunction that Paula requested and for which the hearing was scheduled because she was not there to present evidence in support of her motion; which was the only scheduled and noticed purpose of the hearing. But what the trial court had no authority to do was exclude Paula from the home; relief that a hearing was scheduled for September 25, 2019 to consider and no notice was given to Paula or her attorney that the issue would be addressed at the hearing on August 28. The trial court, and now this Court, have failed to ensure the most basic of all due process requirements, notice and the opportunity to be heard (at a time when the court can provide meaningful relief).

In her Petition, Paula compares what happened to granting Wayland a default judgment because Paula and her attorney failed to appear for the hearing that she had scheduled on her motion for a temporary injunction. The comparison to a default judgment is not a perfect comparison but may be appropriate to analyze the abuse of discretion. Specifically, in a default judgment, when the defendant/non-requesting party does not show up, the trial court cannot grant relief that the plaintiff/requesting-party did not request to be heard at that time. In this case, the party that requested the hearing is the one that was a no-show and the trial court awarded the other side relief beyond the scope of any request that was noticed to be heard on that day. So where is the due process for the trial court to skip over simply denying the relief Paula had requested and for which the hearing had been scheduled to granting the other side relief for which no hearing notice for that date was ever given?

I respectfully, but vigorously, dissent from this miscarriage of justice.


TOM GRAY
Chief Justice

Dissenting opinion issued and filed September 18, 2019



In re Nichols

Page 4